IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN TITUS, | |
| Petitioner, | 8:19CV54 |
| vs. | MEMORANDUM AND ORDER |
| TAGGERT BOYD, | |
| Respondent. | |

This matter is before the court on Petitioner Shawn Titus' Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the petition without prejudice.

Petitioner alleges he pleaded no contest to one count of attempted first degree sexual assault and was sentenced to 15 to 20 years' imprisonment on November 5, 2018, in the District Court of Sarpy County, Nebraska, Case No. CR18-32. (Filing No. 1 at CM/ECF p. 1.) Petitioner's state case records, available to this court online,[1] show that Petitioner filed a direct appeal of his conviction and sentence on November 19, 2018, which is currently pending before the Nebraska state appellate courts in Case No. A-18-1096. Petitioner filed his habeas petition in this court on February 1, 2019, claiming violations of his rights to effective assistance of counsel and due process.

---

[1] This court has been afforded access to the computerized record keeping system (JUSTICE and SCCALES) for the Nebraska state courts. I take judicial notice of the state court records related to this case in *State v. Titus*, No. CR18-32, District Court of Sarpy County, Nebraska, and the Nebraska Court of Appeals appellate case records in A-18-1096. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review

to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that he did not exhaust his available state court remedies *before* filing his habeas case in this forum. Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner does not allege, nor can it reasonably be claimed, that his habeas petition is a "mixed" petition. "The failure to do so categorically rules out relief under *Rhines* [*v. Weber*, 544 U.S. 269, 276 (2005)] since *Rhines* only involves cases with mixed petitions." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *Id*. Even if the court could exercise discretion to stay these proceedings pursuant to *Rhines*, a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Petitioner's conviction is not yet final given that his direct appeal is currently pending. Thus, the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) has not yet begun to run.

3

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies. I also will dismiss Petitioner's pending motions for leave to amend his habeas petition (filing nos. 4 & 5) as moot.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Petitioner's pending motions (filing nos. 4 & 5) are denied as moot.

3. A judgment will be entered by separate document.

Dated this 25th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge